IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**JEREMY BAILEY**
    **Plaintiff,**
v.                                                 Civil Action No.: 3:10-cv-0176
                                                        Judge Chambers

**CHASE BANK USA, N.A.**

and

**VALENTINE AND KEBARTAS, INC.**
    **Defendants.**

## AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THE ABOVE SAID COURT:

    NOW COMES your Plaintiff, Jeremy Bailey, by counsel, Wesley H. White, of Wesley H. White, Attorney at Law PLLC, and complains and alleges unto Your Honor as follows:

    1. Jeremy Bailey, (Hereinafter Plaintiff) is a resident of Cabell County and stipulates to proper jurisdiction and venue by the filling of this complaint.

    2. The Plaintiff has a VISA account with JP Morgan Chase through Chase Bank (Account XXXX-4527) and is a person who falls under the protection of the *West Virginia Consumer Credit and Protection Act,* as well as *West Virginia Code* § 61-8-16 and the common law of West Virginia.

    3. The Defendant, Chase Bank USA, N.A. (Hereinafter Defendant), a duly authorized and existing corporation under the laws of the United States of America, and does business in the State of West Virginia and is a debt collector as defined by the *West Virginia Consumer Credit and Protection Act*.

1

4. The Defendant, Valentine and Kebartas INC., (Hereinafter Defendant), a duly authorized and existing corporation under the laws of West Virginia, and does business in the State of West Virginia and is a debt collector as defined by the *West Virginia Consumer Credit and Protection Act*.

## COUNT ONE

### {*West Virginia Consumer Credit and Protection Act*}

5. The Defendants have engaged in repeated violations of the *West Virginia Consumer Credit and Protection Act*, including but not limited to:

   a) Causing Plaintiff's telephone to ring or engaging Plaintiffs in telephone conversations repeatedly and/or continuously and/or at unusual times and/or at times known to be inconvenient more than 100 times with the intent to annoy, harass, and oppress the Plaintiffs in violation of West Virginia Code §46A-2-125(d);

   b) Communications with the Plaintiff after it appeared that the Plaintiff was represented by an attorney and the attorney's name and address are known, or could be easily ascertained in violation of West Virginia Code §46A-2-128 (e);

   c) Unreasonably publicized disclosed, and/or communicated information relating to an alleged indebtedness to various friends, relatives or family member of the consumer without the express and unsolicited request of the relative or family member in violation of West Virginia Code §46A-2-126;

6. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered severe and intense emotional distress.

7. As a direct and proximate result of the Defendant's actions, the Plaintiff has been annoyed, inconvenienced, harassed, oppressed, and suffered financial hardship.

## COUNT TWO

### {Negligence}

8. The Plaintiff incorporates Paragraph 1 through 7 stated above.

9. The Defendants have a duty not to annoy, harass, and oppress the Plaintiff and Plaintiff's family members in their attempt to collect a debt.

10. The Defendants breached its duty by negligently making numerous telephone calls with the intent to annoy, harass, and oppress the Plaintiff in an effort to collect a debt.

11. The Defendants was additionally negligent by contacting the Plaintiff even after discovering that the Plaintiff was represented by counsel.

12. As a direct and proximate result of the Defendant's actions, the Plaintiff has been annoyed, inconvenienced, harassed, aggravated, and oppressed.

13. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered severe and intense emotional distresses, suffered financially, and have caused interruptions in the peacefulness and solitude of their home life.

14. As a direct and proximate result of the Defendant's actions, the Plaintiff has been annoyed, inconvenienced, harassed, aggravated, oppressed and suffered economical losses due to the negative reflection on their credit score.

## COUNT THREE

### {Intentional Infliction of Emotional Distress}

15. The Plaintiff incorporates Paragraph 1 though 14 as stated above.

16. The Defendant's conduct as aforesaid was atrocious, intolerable and so extreme and outrageous as to exceed the bounds of decency and thus constitutes the tort of intentional infliction of emotional distress under West Virginia Law due to persistently contacting the Plaintiff in an effort to collect a debt by means of annoying, inconveniencing, harassing, and oppressing the Plaintiff.

17. The Defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from Defendant's conduct.

18. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered severe and intense emotional distress.

19. The emotional distress suffered by the Plaintiff was more severe than a reasonable person could be expected to endure.

## COUNT FOUR

### {Negligent Infliction of Emotional Distress}

20. The Plaintiff incorporates Paragraphs 1 through 19 as stated above.

21. The Defendant's conduct as aforesaid constitutes the tort of negligent infliction of emotional distress under West Virginia Law.

22. The Defendant's conduct was reasonably foreseeable to result in emotional distress to the Plaintiff.

23. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered severe and intense emotional distress.

24. As a direct and proximate result of the Defendant's actions, the Plaintiff has been annoyed, inconvenienced, harassed, and oppressed to the degree beyond what an ordinary reasonable person could endure.

## COUNT FIVE

### {Invasion of Privacy}

25. The Plaintiff incorporates Paragraphs 1 through 25 as stated above.

26. The Plaintiff has an expectation of privacy to be free from harassing, oppressing and annoying telephone calls within the confines of his home.

27. The acts of the Defendant as aforesaid invaded and harmed Plaintiff's expectation of privacy.

28. As a direct and proximate result of the Defendant actions, the Plaintiff has suffered severe emotional distress.

29. As a direct and proximate result of the Defendant's actions, the Plaintiff has been annoyed, inconvenienced, harassed and oppressed.

## COUNT SIX

### {**Violations of** *West Virginia Code* **§61-8-16 (a) (3)**}

30. The Plaintiff incorporates Paragraphs 1 through 29 as stated above.

31. The Defendants in violation of *West Virginia Code* §61-8-16 (a) (3) made or caused the telephone of the Plaintiff to repeatedly or continuously to ring, with intent to harass any person at the called number.

32. Pursuant to *West Virginia Code* §55-7-9, any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation.

33. The violation of the aforesaid statute caused injury to the Plaintiff, including annoyance, inconvenience, aggravation, harassment, oppression and emotional distress.

34. The Defendant's violation of the aforesaid statue was intentional and malicious.

### COUNT SEVEN

### {Violation of *West Virginia Code* §61-8-16(a) (4)}

35. The Plaintiff incorporates Paragraphs 1 through 34 as stated above.

36. The Defendant in violation of *West Virginia Code* §61-8-16 (a) (4)**,** made repeated telephone calls, during which conversation ensued, with intent to harass any person at the called number.

37. Pursuant to *West Virginia Code* §55-7-9, any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation.

38. The violation of the aforesaid statute caused injury to the Plaintiff, including annoyance, inconvenience, aggravation, harassment, oppression and emotional distress.

39. The Defendant's violation of the aforesaid statue was intentional and malicious.

### COUNT EIGHT

### {Violation of *West Virginia Code* §61-8-16 (b)}

40. The Plaintiff incorporates Paragraphs 1 through 40 as stated above.

41. The Defendant in violation of *West Virginia Code* §61-8-16 (b), unlawfully and knowingly permitted telephones under Defendant's control to be used to violate West Virginia Code §61-8-7 (a) (3) and (4).

42. Pursuant to *West Virginia Code §55-7-9,* any person injured by the violation of a statute may recover from the offender such damages as may be sustained by reason of the violation.

43. The violation of the aforesaid statute caused injury to the Plaintiff, including annoyance, inconvenience, aggravation, harassment, oppression and emotional distress.

44. The Defendant's violation of the aforesaid statute was intentional and malicious.

**WHEREFORE,** the Plaintiff demands:

a) Injunctive relief to prohibit Defendants from further contact with Plaintiff;

b) Actual damages for emotional distress, annoyance and inconvenience and harassment for violations of the *West Virginia Consumer Credit and Protection Act* set forth in Count One, as provided by West Virginia Code §46A-5-101 (1) plus prejudgment and post judgment interest;

c) Statutory damages for violations of the *West Virginia Consumer Credit and Protection Act* set forth in Count One, as provided by West Virginia Code §46A-5-101 (1) in the maximum amount which may be accessed there under plus prejudgment and post judgment interest;

d) Adjustment of damages for inflation to: not less than $438.80 nor more than $4,388.03 *per violation* for an increase of award of damages pursuant to section one hundred one of the *West Virginia Consumer Credit and*

7

*Protection Act* set forth in Count One, as provided by West Virginia Code §46A-5-106;

e) To make the finance loan void; not pay the principal or the loan finance charge; and recover any amount paid on the loan pursuant to section one hundred one of the *West Virginia Consumer Credit and Protection Act* set forth in Count One, as provided by West Virginia Code §46A-5-101 (2);

f) Actual damages for emotional distress, annoyance, inconvenience, harassment and oppression for the causes of action set forth in Counts Two through Eight;

g) Damages for the invasion of privacy set forth in Count Five;

h) Punitive damages for the intentional and/or reckless and/or malicious acts of the Defendant set forth in Counts Three, Four, Six, Seven, and Eight;

i) Attorney fees and costs.

j)

**PLAINITFFS DEMANDS A TRIAL OF THE ISSUES BY JURY**

        **JEREMY BAILEY**
        BY COUNSEL

/s/ Wesley H. White_____
Wesley Harrison White (WVSB# 10497)
**WESLEY H. WHITE, ATTORNEY AT LAW PLLC**
US Route 52 Main Street
P.O. Box 711, Gilbert, WV 25621
Telephone 304-664-9201
weswhitelaw@yahoo.com