## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

JEREMY BAILEY,

        Plaintiff,

v.                                                    CIVIL  ACTION  NO.  3:10-0176
                                                      (Consolidated with 3:10-0316)

CHASE BANK USA, N.A., and
VALENTINE AND KEBARTAS, INC.,

        Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the Court are multiple motions to dismiss or, in the alternative, motions for a more definite statement, filed by Defendant Chase Bank USA, N.A. in Civil Actions 3:10-0176 and 3:10-0316.  Docs. 5, 14, 4, & 25.  As these cases have now been consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, this Order addresses all pending motions in both actions.  For the following reasons, the Court **GRANTS** in part and **DENIES** in part the Defendant's motions to dismiss, and **DENIES** the motion for a more definite statement.

I.       **Background**

This Memorandum Opinion and Order pertains to four separate motions to dismiss, all filed by Defendant Chase Bank USA ("Chase").  The first, in Civil Action 3:10-00176, was filed on March 1, 2010 and addressed the original Complaint in that action.  Doc. 5.  The second, in the same, was filed on March 18, 2010 and addressed the Amended Complaint.  Doc. 14.  The third, filed in Civil Action 3:10-00316, was filed on March 19, 2010.  Doc. 4.  The fourth and final, filed in 3:10-00176, was filed on April 22, 2010.  Doc. 25.  Both actions were brought by the same plaintiff, Jeremy Bailey, a West Virginia resident, and they have since been consolidated.  Plaintiff

alleges that Chase and Valentine and Kebartas, identified as debt collectors by the plaintiff, allegedly called him in excess of 100 times in an effort to collect a debt owed by Plaintiff to Chase.   *See* Compl. ¶ 5, No. 3:10-00316, Doc. 1-1 (hereinafter "Compl."); Am. Compl. ¶ 5, No. 3:10-176, Doc. 12 (hereinafter "Am. Compl.").  Plaintiff further alleges that the defendants communicated with the plaintiff even after it was apparent that he was represented by counsel.  *Id.*  In addition, Plaintiff alleges that one or both of the defendants disclosed the alleged indebtedness to third parties in violation of the West Virginia Consumer Credit and Protection Act.  *Id.*  On the basis of these alleged communications, Plaintiff has asserted eight counts against the defendants, including violations of the West Virginia Consumer Credit and Protection Act, negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of privacy, and violations of West Virginia Code §§ 61-8-16(a)(3), (a)(4), & (b).  Valentine and Kebartas has filed an answer, and only Defendant Chase Bank has moved to dismiss.

According to the pleadings, the plaintiff had two credit card accounts initially through Washington Mutual, Inc., which has since merged with JP Morgan Chase Bank.  *See* Compl. ¶ 2; Am. Compl. ¶ 2.  Chase, headquartered in Newark, DE, obtained some of the Washington Mutual assets from JP Morgan Chase Bank, including, allegedly, Plaintiff's credit card accounts.  Doc. 9. Chase is a subsidiary of JP Morgan Chase Bank.  This complicated corporate structure led to the plaintiff's difficulty in successfully serving Chase.  The defendant's arguments in both actions overlap, and can be summarized as follows.  First, Plaintiff failed to provide sufficient service of process pursuant to West Virginia Rule of Civil Procedure 4.  Second, Counts 6, 7, and 8 of all the Complaints should be dismissed as they are criminal claims asserted in a civil action.  Third, in the alternative, Plaintiff failed to provide sufficient factual allegations to allow the defendant to

understand the allegations and prepare a defense, and thus Defendant's motion for a more definite statement should be granted.

## II.     Legal Standard

### A.     <u>Motion to Dismiss for Insufficient Service of Process</u>

Under Federal Rule of Civil Procedure 12(b)(5), a party may move to dismiss for insufficient service of process.  Fed. R. Civ. P. 12(b)(5).  Where service of process occurred prior to removal to federal court, state law controls the question of whether service was proper.  *Wolfe v. Green*, 660 F. Supp. 2d 738, 745–46 (S.D. W. Va. 2009) (citing *Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993)).  After removal, the Federal Rules of Civil Procedure govern.  Fed. R. Civ. P. 81(c)(1).

### 1.     Applicable Subsections of the West Virginia Rules of Civil Procedure

The parties initially contest which of the subdivisions of Rule 4 apply to national banks. National banks are not traditional incorporated entities, but rather are organized pursuant to the National Bank Act.  12 U.S.C. §§ 22–24.  Plaintiff argues that they are not covered by Rule 4, but does not proffer an alternative source for service of process procedure.  Defendant argues that national banks are most similar to corporations and, thus, should be treated as one for purposes of service of process.  In the alternative, Defendant states that regardless of category (i.e., whether Chase should be treated as a corporation or an association), the requirements for service of process are similar and Plaintiff failed to fulfill them.  Pursuant to the National Bank Act, "a national banking association shall become, from the date of the execution of its organization certificate, a body corporate . . . ."  12 U.S.C. § 24.  This provides a strong basis for national banks to be treated as a corporation pursuant to the West Virginia Rules of Civil Procedure.  In fact, jurisdictions have

so treated them.  *See, e.g.*, *Colston v. First Guarantee Commercial Mortg. Corp.*, 655 F. Supp. 2d 5, 9 (D.D.C. 2009) (applying D.C. statute governing service of process on a foreign corporation to a national bank); *Ballard v. PNC Fin. Servs. Grp., Inc.*, 620 F.Supp.2d 733, 735–37 (S.D. W. Va. 2009).  Therefore, the applicable rule in this case is Rule 4(d)(8).  Under this rule, service may be effectuated

> "(A) by delivering or mailing in accordance with paragraph (1) above a copy of the summons and complaint to any officer, director, trustee, or agent of such corporation, or (B) . . . to any agent or attorney in fact authorized by appointment or by statute to receive or accept service in its behalf."

W. Va. R. Civ. P. 4(d)(8).  Paragraph (1), as relevant to this case, states that mailing of service is sufficient when the plaintiff has "(D) The clerk send[] a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee."  W. Va. R. Civ. P. 4(d)(1)(D).

## 2.     Applicable Subsections of the Federal Rules of Civil Procedure

Attempts to serve process after removal are governed by Federal Rule of Civil Procedure 4. Fed. R. Civ. P. 81(c)(1).  In addition to the incorporation of state law governing service of process pursuant to Rule 4(e)(1), service may also be effectuated

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(k)(1)(A).  Under both the federal and West Virginia rules, the plaintiff bears the burden for effecting service, and both subject the plaintiff to a 120-day time limit in which to perfect service.  Fed. R. Civ. P. 4(c)(1), 4(m); W. Va. R. Civ. P. 4(c)(1), 4(k).

**B.**     **Motion to Dismiss for Failure to State a Claim**

"[T]he purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (3d ed. 2010).  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563.  In its place, courts must now look for "plausibility" in the complaint.  This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted).  If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

**C.**     **Motion for a More Definite Statement**

In general, whether to grant a motion for a more definite statement is left to the court's discretion.  *Hodgson v. Va. Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir. 1973).  Under Federal Rule of Civil Procedure 12(e), a defendant may move for a more definite statement where a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  The standard for granting such a motion is therefore closely tied to the Rule 8(a) standard for a pleading stating a claim for relief.  *Hodgson*, 482 F.2d at 822.  Under this rule, the following, at a minimum, must be included in a complaint:

(1) a short and plain statement of the grounds for the court's jurisdiction . . .;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).  "The motion 'is not to be used to assist in getting facts in preparation for trial as such; other rules relating to discovery, interrogatories and the like exist for such purposes.'" *Tilley v. Allstate Ins. Co.*, 40 F. Supp. 2d 809, 814 (S.D. W. Va. 1999) (quoting *Shultz v. Clay Transfer Co.*, 50 F.R.D. 480, 481 (E.D.N.C. 1970)).

## III.    Discussion

### A.    Plaintiff Failed to Properly Serve Defendant

Chase is a foreign corporation.  Def.'s Combined Reply Supp. Def.'s Mot. Dismiss or, in Alt., Mot. More Definite Statement & Mem. of Law Supp. Def.'s Mot. Dismiss Am. Compl. 6, Doc. 15 (hereinafter "Combined Reply").  Therefore, service may be effectuated either pursuant to the Federal and West Virginia Rules of Civil Procedure, as detailed above, or pursuant to the state statutes governing service on foreign corporations.  *See* W. Va. Code §§ 56-3-14, 56-3-33.  In spite of the several methods in which Chase could have been properly served, and the plaintiff's multiple attempts to serve process, he has not been successful in completing service.

The first attempt occurred when Plaintiff believed the proper defendant to be JP Morgan Chase d/b/a Washington Mutual, Inc.  Plaintiff sent a copy of the Summons and Complaint addressed to that entity in Seattle, WA.  This first attempt failed, as service did not comply with Rule 4 requirements.  Service was not made to "any particular officer, director, trustee, governor, or agent", and it was sent to a different entity than Chase.  Plaintiff made a second attempt through CT Corporation, which Plaintiff asserts is the registered agent of Chase for service of process in West Virginia.  Chase challenges this assertion.  While a search of the West Virginia Secretary of State

website does identify CT Corporation as the agent for JP Morgan Chase Vastera, Inc., it does not

for Chase Bank USA, N.A.  Combined Reply 6, Doc. 15.  Plaintiff argues that because CT

Corporation is the listed agent for a subsidiary of JP Morgan Chase, it can serve as the agent for

Chase Bank, a separate subsidiary.

Plaintiff cites *Norfolk Southern Railway Co. v. Maynard*, 437 S.E.2d 277 (W. Va. 1993) for

the principle that where there is a parent-subsidiary relationship, either may be served process as an

agent of the other entity.  This argument, however, fails.  In *Bowers v. Wurzburg*, 519 S.E.2d 148

(W. Va. 1999), the West Virginia Supreme Court of Appeals stated that "the mere existence of a

parent-subsidiary relationship, without a more definite showing of the parent's control of the

subsidiary, will not suffice to permit service of the subsidiary through the parent corporation." 519

S.E.2d at 164 (citing *Norfolk S. Ry.*, 437 S.E.2d at 283).  Plaintiff included as an exhibit in his

response to Defendant's motion to dismiss a letter from the Comptroller of the Currency, where the

Administrator of National Banks recognized the distinct roles of JP Morgan Chase Bank and Chase

Bank USA, N.A. in the acquisition of Washington Mutual's assets.  *See* Doc. 9.  The Plaintiff has

not established a "definite showing of the parent's control of the subsidiary", and, therefore, service

to Chase cannot be effectuated through service of JP Morgan Chase in Seattle, WA, or through

service of CT Corporation, the registered agent of a separate subsidiary of JP Morgan Chase.

The third, and last, attempt was almost successful.  Plaintiff sent the Summons and

Complaint to Chase Bank, N.A. in Newark, DE, c/o Jamie Dimon, CEO.  Doc. 28.  It was served

on April 6, 2010, after the case was removed to federal court.  *Id.*  Therefore, the Federal Rules of

Civil Procedure apply.  Because the Federal Rules of Civil Procedure incorporate state methods for

service of process, service can be properly effectuated pursuant to the methods prescribed under

federal or state law. Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A).  Plaintiff failed to successfully serve process under either.  Unlike the previous attempts, which occurred prior to removal, Plaintiff this time did attempt to serve an "officer, director, trustee, or agent" pursuant to West Virginia Rule 4(d)(8)(A). Plaintiff, however, failed to comply with the procedures for service of process.  In West Virginia, when attempting to effect service by certified mail, a plaintiff must comply with the requirements of Rule 4(d)(1) (D).  Under this rule, the plaintiff must request the clerk to send a copy of the summons and complaint by certified mail.  W. Va. R. Civ. P. 4(d)(1)(D).  Based on the pleadings before the Court, Plaintiff did not do this.  Instead, he personally sent by certified mail the summons and complaint to Defendant, and did not pay for the clerk to effectuate service.  *See* Doc. 28.  In West Virginia, the requirements of service are construed strictly, especially with regard to corporations.  *See, e.g.*, *Vass v. Volvo Trucks N. Am., Inc.*, 304 F. Supp. 2d 851, 856 (S.D. W. Va. 2004) (citing *McClay v. Mid-Atlantic Country Magazine*, 435 S.E.2d 180, 185–86 (W. Va. 1993)). Therefore the Court **FINDS** that service of process was insufficient.

In addition, the time for service has expired.  Fed. R. Civ. P. 4(m).  This matter will therefore be dismissed unless the Court determines that good cause has been established or it elects to exercise its discretion pursuant to Rule 4(m).  While the plaintiff has failed to comply with the requirements for service, it is not for lack of trying.  In response to the notice provided by Defendant regarding the failure to properly serve, Plaintiff made two alternate and differing attempts to correct service, and he attempted to find the proper address and officer upon whom to serve process.  The Court recognizes this effort by Plaintiff and therefore **QUASHES** the service and hereby **ORDERS** Plaintiff to properly effectuate service within 60 days of this Order.  5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1354 (3d ed. 2010)

-8-

B.     **Counts 6, 7, and 8 of the Amended Complaint Fail to State a Claim Upon Which Relief Can be Granted**

Counts 6, 7, and 8 of Plaintiff's Amended Complaint and the Complaint in the consolidated action allege violations of West Virginia Code §§ 61-8-16(a)(3), (a)(4), and (b).  These statutes establish crimes relating to, *inter alia*, harassing and repeated telephone calls.  W. Va. Code § 61-8-16.  Plaintiff is seeking damages under West Virginia Code § 55-7-9, which states "[a]ny person injured by the violation of any statute may recover from the offender . . . ."  Whether a plaintiff can seek damages under § 55-7-9 is related to whether there is a private civil cause of action under a statute.  To determine whether there is a private cause of action, the following elements must be met:

> (1) the plaintiff must be a member of the class for whose benefit the statute was enacted; (2) consideration must be given to legislative intent, express or implied, to determine whether a private cause of action was intended; (3) an analysis must be made of whether a private cause of action is consistent with the underlying purposes of the legislative scheme; and (4) such private cause of action must not intrude into an area delegated exclusively to the federal government.

*Parkins-White v. World's Foremost Bank*, No. 2:10-cv-00137, 2010 WL 1404384, at 3 (S.D. W. Va. 2010) (quoting *Hurley v. Allied Chemical Corp.*, 262 S.E.2d 757, 758 (W. Va. 1980)).  In *Parkins-White*, this test was applied to § 61-8-16, the statute at issue in Counts 6, 7, and 8.  A plaintiff has a civil cause of action under the West Virginia Consumer Credit and Protection Act ("WVCCPA") that provides the relief sought against creditors.  *Id.*; W. Va. Code § 46A-2-125.  This was found to indicate that "West Virginia intended the CCPA to provide a civil cause of action for a debtor to sue a creditor for harassment, not section 61-8-16."  *Parkins-White*, 2010 WL at 4.  Accordingly, Judge Goodwin concluded that "[the defendant] was not a member of the class that section 61-8-16 was meant to protect, the legislature did not intend for that statute to provide a civil remedy, and a civil

cause of action would be inconsistent with the underlying purposes of the legislative scheme." *Id.* at 3.  Therefore, these Counts must be **DISMISSED**.

### C.   <ins>Plaintiff's Complaint Survives the Motion for a More Definite Statement</ins>

Defendant argues that this case differs from *Tilley v. Allstate Insurance Co.*  In that case, the court found that the complaint was sufficient as it included "the parties involved in the litigation, the facts of the underlying traffic accident, Plaintiffs' injuries, the history of [the defendant's] involvement and the remedies Plaintiffs seek." *Tilley*, 40 F. Supp. 2d at 815.  Chase instead asserts that Plaintiff "has not notified Chase of the nature of the suit or provided any facts that support his claims." Def.'s Mot. Dismiss, or in Alt., Mot. More Definite Statement ¶ 2(f), Doc. 14.  Defendant provides a list of facts that are needed to allege a claim for relief under the *West Virginia Consumer Credit and Protection Act* ("WVCCPA"). *Id.* ¶ 2(h).  This Court is not convinced.  Here, Plaintiff has provided the relationship between him and the defendant—the existence of two credit card accounts with the defendant.  Compl. ¶ 2; Am. Compl. ¶ 2.  He has also included in the complaints the nature of the claims against Chase, alleging that the Defendant has engaged in excessive telephone calls in violation of the WVCCPA on multiple grounds, and that Defendant communicated directly with Plaintiff after he was represented by counsel.  Compl. ¶ 5; Am. Compl. ¶ 5.  Therefore, the Complaint and Amended Complaint in these actions are not "so vague or ambiguous that the party cannot reasonably prepare a response."   Fed. R. Civ. P. 12(e).  The information Defendant seeks through this motion is information more properly obtained through discovery. *Tilley*, 40 F. Supp. 2d at 814.  Accordingly, the motion for a more definite statement is **DENIED**.

**IV.      Conclusion**

Insofar as Defendant's motions to dismiss assert that service of process was insufficient, they are **GRANTED**; however, the Complaint and Amended Complaint are not dismissed.  Instead, the Court **QUASHES** service and **ORDERS** Plaintiff to complete service of process within 60 days of this Order.  Defendant's motions to dismiss Counts 6, 7, and 8 of the Amended Complaint in 3:10-176 and the Complaint in 3:10-0316 are **GRANTED**.  Those counts are hereby **DISMISSED**. Defendant's motion for a more definite statement is **DENIED**.  The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:          November 22, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE